*E-FILED: April 9, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS ROBERTS,<br><br>　　　　Plaintiff,<br>　v.<br><br>TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.,<br><br>　　　　Defendant.<br>_____/ | No. C12-05302 HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Re: Docket No. 31] |

  Plaintiff Douglas Roberts worked as a truck driver for defendant Trimac Transportation Services (Trimac). He claims that he worked overtime, but was compensated only at a regular rate of pay. He also says that he was not permitted breaks and that defendant failed to provide his employment records for inspection. He filed this suit, asserting claims for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, et seq. and California labor laws, as well as for alleged unfair business practices under California's Business and Professions Code § 17200.

  Now before the court is plaintiff's motion for partial summary judgment. Defendant opposes the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636; FED. R. CIV. P. 73.

Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.[1]

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), (c)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere

---

[1] The court granted defendant's Fed. R. Civ. P. 56(d) motion for a continuance on the question whether plaintiff is exempt from overtime compensation under the FLSA's Motor Carrier Exemption, 29 U.S.C. § 213(b)(1). That issue has been set for further briefing and a separate hearing and is not addressed in this order.

2

1 allegations or denials, but must present evidence sufficient to demonstrate that there is a
2 genuine issue for trial. Id.

DISCUSSION

A.  Claim 4: Cal. Bus. & Prof. Code § 17200

The parties disagree whether the FLSA preempts plaintiff's Cal. Bus. & Prof. Code § 17200 claim; and, in the instant motion, plaintiff seeks an order on the narrow issue whether he can bring such a claim based on the alleged violations of the FLSA. "[A]n action based on Business and Professions Code section 17200 to redress an unlawful business practice 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Super. Ct., 2 Cal.4th 377, 383, 826 P.2d 730, 6 Cal. Rptr.2d 487 (1992). Defendant says that because the FLSA and § 17200 have different limitation periods, the § 17200 claim presents an obstacle to the objectives of the FLSA and is, therefore, preempted.[2] The Ninth Circuit, however, has held "that FLSA does not preempt a state-law § 17200 claim that 'borrows' its substantive standard from FLSA." Wang v. Chinese Daily News, Inc., 623 F.3d 743, 760 (9th Cir. 2010), vacated on other grounds, 132 S. Ct. 74, 181 L.Ed.2d 1 (2011).[3] On the narrow issue presented as to this claim, plaintiff's motion is granted.

B.  Claim 5:  Alleged failure to provide pay records (Cal. Labor Code § 226)

Under California law, current and former employees have the right to inspect or copy their employment records. CAL. LABOR CODE § 226(c). An employer who receives a written or oral request "shall comply with the request as soon as practicable, but no later than 21 calendar

---

[2] There are three generally recognized kinds of preemption: express, field, and conflict. Indus. Truck Ass'n, Inc. v. Henry, 125 F.3d 1305, 1309 (9th Cir. 1997). Only the third type is at issue here. Conflict preemption applies (1) "where it is impossible to comply with both state and federal requirements" or (2) "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. As discussed above, Trimac raises an argument only as to the second condition.

[3] The court believes that Wang continues to be good authority on the preemption issue presented here. Even if it is not, the court finds persuasive the discussion and reasoning in that case.

3

1  days from the date of the request." Id. If an employer fails to permit a current or former
2  employee to inspect or copy his records within the 21-day period, the employee is entitled to
3  collect a $750 penalty. Id., § 226(f). "Impossibility of performance, not caused by or a result of
4  a violation of law, shall be an affirmative defense for an employer in any action alleging a
5  violation of this subdivision." Id., § 226(c).

6  On August 13, 2012, Roberts sent a letter to Trimac, requesting that defendant give him
7  copies of his employment records, or alternatively, "respond to this request with a reasonable
8  time and place for [Roberts] or [his counsel] to inspect and copy these documents." (Dkt. 27-3,
9  Ross Decl. ¶ 2, Ex. 1). The letter was directed to Dan O'Connor, Trimac's manager at the Santa
10 Clara facility where plaintiff worked. But, the letter was addressed and mailed to Trimac's
11 Hayward office where O'Connor says he has never worked. (Dkt. No. 32, O'Connor Decl. ¶
12 15). O'Connor says that he did not receive the letter until September 6, 2012, three days after
13 the 21-day compliance period expired. (Id.). As such, Trimac contends that it was impossible
14 to comply with plaintiff's records request within 21 days.

15 Plaintiff nevertheless claims that he has never received a response from Trimac with
16 respect to his records request. (Dkt. 27-2, Ross Decl. ¶ 3). In a belated filing, Trimac submitted
17 the declaration of attorney James Hanson, who avers that he received a copy of the records
18 request on September 7, 2012, and called plaintiff's counsel that same day "to arrange a
19 response to the request made in the August 13 letter." (Hanson Decl. ¶ 3). Hanson further
20 attests that plaintiff's counsel was not available, so he left a voicemail; and, over the course of
21 the next several weeks, says Hanson, he exchanged several voicemails with plaintiff's counsel,
22 but never actually made contact. (Id. ¶¶ 3-4). Plaintiff objects to the Hanson Declaration on the
23 grounds that it was untimely filed on April 4, 2013, without leave of court, well after briefing
24 closed and in violation of Civil Local Rule 7-3(d). Indeed, it was.[4] Plaintiff disputes the
25 Hanson Declaration and maintains that, in any event, it does not demonstrate that Trimac
26 actually responded to his request. Here, plaintiff points out that Hanson does not say that he

---

[4] As discussed at oral argument, the court has, in its discretion, accepted and
considered the declaration, but it does not condone Trimac's failure to make timely filings or
to comply with the court's rules and warns Trimac against future noncompliance.

4

1 mailed the requested records to them, or suggested a date and time when Trimac would provide
2 the records for inspection, or provided them with the physical location of the records where they
3 could be inspected.  Additionally, plaintiff's counsel says that her firm did not have an address
4 to follow up with Hanson until Trimac answered Roberts' complaint.  The court finds that these
5 are material factual issues that preclude summary judgment as to plaintiff's claim under Cal.
6 Labor Code § 226.  Plaintiff's motion as to this claim is denied.

ORDER

Based on the foregoing, plaintiff's motion for partial summary judgment is granted as to the narrow issue pertaining to Claim 4 (Cal. Bus. & Prof. Code § 17200) and denied as to Claim 5 (Cal. Labor Code § 226).

SO ORDERED.

Dated: April 9, 2013



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

5

1  5:12-cv-05302-HRL Notice has been electronically mailed to:

2  Christopher Chad McNatt , Jr     cmcnatt@scopelitis.com, mlazo@scopelitis.com

3  Christopher James Eckhart     ceckhart@scopelitis.com, nberry@scopelitis.com

4  Megan E. Ross     mross@michaeltracylaw.com

5  Michael Lion Tracy     mtracy@michaeltracylaw.com, calendar@michaeltracylaw.com