1    Christopher C. McNatt, Jr. (SBN 174559)
     cmcnatt@scopelitis.com
2    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
     2 North Lake Avenue, Suite 460
3    Pasadena, California 91101
     Tel.:  (626) 795-4700
4    Fax:  (626) 795-4790

5    Christopher J. Eckhart
     Admitted Pro Hac Vice
6    ceckhart@scopelitis.com
7    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
     10 West Market Street, Suite 1500
8    Indianapolis, IN  46204
     Tel: (317) 637-1777
9    Fax: (317) 687-2414

10
     Attorneys for Defendant,
11   Trimac Transportation Services (Western) Inc.

12                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
13                          SAN JOSE DIVISION

14   DOUGLAS ROBERTS,                    )  Case No. 5:12-cv-05302-HRL
                                         )
15                    Plaintiff,         )  Assigned to the Honorable Howard R. Lloyd
                                         )
16        vs.                            )  **DEFENDANT TRIMAC TRANSPORTATION**
                                         )  **SERVICES (WESTERN) INC.'S NOTICE OF**
17   TRIMAC TRANSPORTATION SERVICES      )  **MOTION AND MOTION FOR PARTIAL**
     (WESTERN) INC., a Delaware Corporation, )  **SUMMARY JUDGMENT ON PLAINTIFF'S**
18                                       )  **MEAL BREAK CLAIMS**
                                         )
19                    Defendant.         )
                                         )  Date:  August 27, 2013
20                                       )  Time:  10:00 a.m.
                                         )  Dept:   #2, Fifth Floor
21                                       )  Judge:  Howard R. Lloyd
                                         )
22   _____ )

23   **TO PLAINTIFF DOUGLAS ROBERTS AND HIS ATTORNEY OF RECORD:**

24        **PLEASE TAKE NOTICE** that on August 27, 2013, at 10:00 a.m., or as soon thereafter as

25   counsel may be heard in Department #2, Fifth Floor of the above-titled Court, located at 280 South

26   1st Street, San Jose, California, 95113, Defendant Trimac Transportation Services (Western) Inc. will

27

28

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Notice of Motion and
Motion For Partial Summary Judgment on Plaintiff's Meal Break Claims

1  and hereby does move this Court for an Order for Summary Judgment on the following claims

2  asserted by Plaintiff:

3          1.      Plaintiff's First Cause of Action for failure to provide adequate meal periods under

4                  California law; and

5          2.      Plaintiff's Fourth Cause of Action under California's Bus. and Prof. Code Section

6                  17200 to the extent it is derivative of Plaintiff's First Cause of Action.

7          This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points

8  and Authorities, the papers and records on file with this Court, and other such oral and documentary

9  evidence as may be presented to the Court at or prior to the hearing on the Motion.

10

11  DATED:  July 23, 2013                          */s/Christopher J. Eckhart*_____
                                                   Christopher J. Eckhart
12                                                 Christopher C. McNatt, Jr.

13
                                                   Attorneys for Defendant,
14                                                 Trimac Transportation Services
                                                   (Western) Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Notice of Motion and
Motion For Partial Summary Judgment on Plaintiff's Meal Break Claims

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.................................................................................................................i

TABLE OF AUTHORITIES .......................................................................................................ii

I.      INTRODUCTION ..........................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED .............................................................1

III.    BACKGROUND FACTS ................................................................................................1

IV.     ARGUMENT ...................................................................................................................4

        A.      Standard ..............................................................................................................4

        B.      Roberts' Meal Break Claim Fails As A Matter Of Law .....................................5

        C.      Roberts' Derivative UCL Claim Necessarily Fails............................................7

V.      CONCLUSION ................................................................................................................8

i

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986) ...............................................4

4

*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4[th] 1004, 1038-40, 139
    Cal.Rptr.3d 315, 273 P.3d 4513 (2012) .................................................................5

5

6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986) ........................................................4

7

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) .....................................................4

8

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d
    1099, 1102 (9th Cir. 2000)............................................................................4

9

*Plaisted v. Dress Barn, Inc.*, 2013 WL 300913, at *2-4 (C.D. Cal. Jan. 25,
    2013) ...............................................................................................7

10

11

*Reece v. Unitrin Auto and Home Ins. Co.*, Cause No. 5:11-cv-03960 EJD,
    2013 WL 2454452, at *1, *5-*6 (N.D. Cal. January 22, 2013).......................5, 6, 7

12

**Codes**

13

Cal. Lab. Code § 512 ...........................................................................................1, 5

14

Cal. Code Regs. tit. 8, § 11090 ...............................................................................1, 5

15

Cal. Bus. & Prof. Code §§ 17200 .............................................................................1, 2

16

**Rules**

17

Fed. R. Civ. P. 56(a), (c) ..........................................................................................4

18

**Other**

19

Industrial Welfare Commission Order No. 9-2001.........................................................1, 5

20

21

22

23

24

25

26

27

28

ii

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

Defendant, Trimac Transportation Services (Western) Inc. ("Trimac") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment on Plaintiff's Meal Break Claims.

## I.   INTRODUCTION

In his First Cause of Action, Plaintiff, Douglas Roberts ("Roberts"), asserts Trimac failed to provide him meal periods under Cal. Lab. Code § 512.[1]  In addition, Roberts' Fourth Cause of Action derivatively asserts an Unfair Competition Law ("UCL") claim under Cal. Bus. & Prof. Code §§ 17200, *et seq*., for the same alleged meal break violations.  Trimac is entitled to partial summary judgment on both causes of action.  Throughout Roberts' entire employment, Trimac had a valid meal and rest break policy that complied with California law.  Roberts was aware of this policy, admits he had time to take meal breaks, and admits he ate a meal every work day.  Nevertheless, Roberts claims that it was his "impression" from his training that Trimac did not want its drivers to take meal breaks.  But Roberts admits that no one at Trimac ever said anything to Roberts to give him the impression that Trimac's actual policy differed from its written policy, and that no one at Trimac, including Roberts' driver trainer, told Roberts he was not allowed to take a meal break.  Roberts notably never complained to anyone at Trimac that he was not able to take a 30-minute, duty-free meal break.  In light of these undisputable facts, Trimac is entitled to summary judgment on Roberts' meal break claims.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether Trimac is entitled to summary judgment on Roberts' First Cause of Action alleging meal break violations and the part of his Fourth Cause of Action that is derivative of this claim.

## III.   BACKGROUND FACTS

Trimac is a federally-authorized interstate motor carrier that provides transportation solutions to a variety of customers throughout the United States.  *See Def.'s Request for Judicial Notice*

---

[1] Wage Order No. 9-2001 is currently found at Cal. Code Regs. tit. 8, § 11090.

1

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Summary Adjudication

(ECF No. 33).[2]  The bulk of Trimac's work in California consists of hauling hazardous materials to various customers both within and outside California.  *See Defendant's Memo. of Points and Auth. in Support of Cross-Motion for Partial Summary Judgment* (ECF No. 44) at 7.[3]  Roberts is a former truck driver for Trimac.  *Pl.'s Memo. of Points & Auth. in Support of Plaintiff's Motion for Partial Summary Judgment* (ECF No. 27) at 1:21-22.  Roberts filed a Complaint on October 15, 2012, against Trimac, asserting, *inter alia*, Trimac failed to provide him meal breaks in violation of the California Labor and Business and Professions Codes.  *See* ECF No. 1.

Trimac has utilized a written meal break policy since 2008.  *Deposition of Annelisa Shaw* ("Shaw Dep.") (attached hereto as *Exhibit A*) at 24:2-9, 26:10-12; *30(b)(6) Deposition of Terry Gillit* ("Gillit Dep.") (attached hereto as *Exhibit B*) at 48:16-49:7; *Deposition of Douglas Roberts* ("Roberts Dep.") (attached hereto as Exhibit C), Ex. 10.[4]  The policy explains employees are entitled to a 30-minute duty-free meal period, which the employees may take at any time.  *Roberts Dep.*, Ex. 10; *Shaw Dep.* at 21:11-22:7 (describing policy).  The policy also explains employees are entitled to a second 30-minute duty-free meal period if their work periods were for more than 10 hours.  *Id.*  Trimac also provided a California-specific addendum to its employee handbook that summarized its meal and rest break policy.  *Gillit Dep.* at 49:19-21; *Roberts Dep.*, Ex. 11.  Trimac had the same meal and rest break policy throughout Roberts' entire employment, *Shaw Dep.* at 24:2-9; 26:10-15 (testifying that Trimac's meal break policy was the same both before and after the written policy was utilized); *Gillit Dep.* at 48:16-49:7 (same), and the meal break rules were posted at the Santa Clara Branch during Roberts' employment.  *Gillit Dep.* at 48:16-49:7.  Copies of Trimac's meal break policies are acknowledged by employees and kept in the employees' personnel files.  *Shaw Dep.* at 19:4-25.

At the Santa Clara Branch, Dan O'Connor has always informed the drivers of their right to meal breaks during the interview and orientation process, and O'Connor encouraged the drivers to

---

[2] Plaintiff did not oppose Trimac's Request for Judicial Notice.

[3] Plaintiff did not dispute these facts.

[4] Deposition Exhibit 10 is a two-page document that was inadvertently marked in reverse order.

2

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

take their meal breaks on a daily basis. *Deposition of Dan O'Connor* ("O'Connor Dep.") (attached hereto as *Exhibit D*) at 76:22-80:10, 83:10-84:11.  The drivers were responsible for scheduling and taking their 30-minute meal break. *Roberts Dep.*, Ex. 10.  Trimac provided a break room for the drivers to use to take their breaks, and O'Connor often supplied food for the drivers. *Deposition of Douglas Roberts, Amador v. Trimac Transportation Services (Western) Inc.*, Case No. CV10-4112-CHK(JCx) ("Roberts Amador Dep.") (attached hereto as *Exhibit E*) at 45:1-47; *Roberts Dep.* at 42:13-15 (admitting he ate in the break room); *O'Connor Dep.* at 87:22-88:5.

Roberts received a copy of Trimac's meal and rest break policy. *Roberts Dep.* at 92:6-94:4, Ex. 10.  Although Roberts reviewed and signed the document, *id.* at 92:18-24, Roberts testified he believed Trimac did not want him to take a 30-minute meal break because he believed Trimac wanted Roberts to get done with his work as quickly as possible. *Roberts Dep.* at 89:3-10, 94:6-13. Roberts claims to have formed this impression of Trimac's policy during his training session with Bob Penicks ("Penicks"). *Id.* at 89:11-16.  But Roberts admits Penicks never told Roberts that he could not take a meal break or that Trimac did not want Roberts to take a meal break. *Id.* at 89:15-22.  Importantly, Roberts admits *no one* at Trimac ever told Roberts he was not allowed to take a meal break, *id.* at 68:22-24; 89:3-22, 94:18-24; *Roberts Amador Dep.* at 56:7-9, and that *no one* at Trimac ever said anything to Roberts to give him the impression that Trimac's actual policy differed from its written policy. *Roberts Dep.* at 89:3-22, 94:21-24; *Roberts Amador Dep.* at 58:20-59:13. Despite Roberts' claim that he did not take meal breaks due to the time pressures of the job, Roberts admitted he had time to take both meal breaks, *Roberts Dep.* at 91:4-92:4, and he admitted he ate a meal every day he worked. *Roberts Amador Dep.* at 52:7-9.  Roberts notably never complained to anyone at Trimac that he was not able to take a 30-minute, duty-free meal break. *Roberts Amador Dep.* at 67:25-68:17, 101:9-18.

1    IV.    **ARGUMENT**

2          A.    **Standard**

3          As stated in the Court's April 9, 2013 Order on Plaintiff's Motion for Partial Summary

4    Judgment (ECF No. 42):

5          "A motion for summary judgment should be granted if there is no genuine issue of material

6    fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P.56(a), (c));

7    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial

8    burden of informing the court of the basis for the motion, and identifying portions of the pleadings,

9    depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a

10   triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In order to meet

11   its burden, "the moving party must either produce evidence negating an essential element of the

12   nonmoving party's claim or defense or show that the nonmoving party does not have enough

13   evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire &*

14   *Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

15         "If the moving party meets its initial burden, the burden shifts to the non-moving party to

16   produce evidence supporting its claims or defenses.  *See Nissan Fire & Marine Ins. Co.*, Ltd., 210

17   F.3d at 1102.  The non-moving party may not rest upon mere allegations or denials of the adverse

18   party's evidence, but instead must produce admissible evidence that shows there is a genuine issue

19   of material fact for trial.  *See id.*  A genuine issue of fact is one that could reasonably be resolved in

20   favor of either party.  A dispute is "material" only if it could affect the outcome of the suit under the

21   governing law.  *Anderson*, 477 U.S. at 248-49.  "When the nonmoving party has the burden of proof

22   at trial, the moving party need only point out 'that there is an absence of evidence to support the

23   nonmoving party's case.'"  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting

24   *Celotex Corp.*, 477 U.S. at 325).  Once the moving party meets this burden, the nonmoving party

25   may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate

26   that there is a genuine issue for trial.  *Id.*"

27

28

1

## B.  Roberts' Meal Break Claim Fails As A Matter Of Law

2

As recently explained by this Court, "[t]he California Labor Code prohibits employers from

3

employing employees for a work period of more than 5 hours per day without providing those

4

employees with a meal period of at least 30 minutes." *Reece v. Unitrin Auto and Home Ins. Co.*,

5

Cause No. 5:11-cv-03960 EJD, 2013 WL 2454452, at *5 (N.D. Cal. January 22, 2013) (citing Cal.

6

Labor Code § 512(a)) (other citations omitted); *see also* Wage Order No. 9-2001, Cal. Code Regs.

7

tit. 8, § 11090.  "The California Supreme Court has interpreted these statutes and orders as requiring

8

employers to ensure only that these meal and break periods are made available to employees." *Id.*

9

(citing  *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4[th] 1004, 1038-40, 139 Cal.Rptr.3d 315,

10

273 P.3d 4513 (2012)).   "An employee must show that the employer actually prevented the

11

employee from taking breaks; mere proof of knowledge that the employee was forgoing breaks is

12

insufficient. *Id.* (citing *Brinker*, 53 Cal.4[th] at 1040).

13

Here, the undisputed evidence establishes Trimac made meal breaks available to Roberts and

14

therefore complied with California's meal break rules.  Specifically, it was Trimac's policy during

15

Roberts' entire employment that employees were entitled to a 30-minute, duty-free meal break each

16

work day and an additional meal break if the employee worked longer than 10 hours.  *See Roberts*

17

*Dep.*, Exs. 10-11; *Shaw Dep.* at 21:11-22:7, 24:2-9, 26:10-12; *Gillit Dep.* at 48:16-49:7, 49:19-21;

18

*see also Shaw Dep.* at 24:2-9; 26:10-15 (testifying that Trimac's meal break policy was the same

19

both before and after the written policy was utilized); *Gillit Dep.* at 48:16-49:7 (same).  Roberts

20

received and reviewed a copy of Trimac's policy, *Roberts Dep.* at 92:6-94:4, Ex. 10 and the meal

21

break rules were posted at the Santa Clara Branch during Roberts' employment.  *Gillit Dep.* at

22

48:16-49:7.  Moreover, Dan O'Connor has always informed the drivers of their right to meal breaks

23

during the interview and orientation process, and O'Connor encouraged the drivers to take their meal

24

breaks on a daily basis.  *O'Connor Dep.* at 76:22-80:10, 83:10-84:11.  Trimac provided a break

25

room for the drivers to use to take their breaks, and O'Connor often supplied food for the drivers.

26

*Roberts Amador Dep.* at 45:1-47; *Roberts Dep.* at 42:13-15 (admitting he ate in the break room);

27

*O'Connor Dep.* at 87:22-88:5.  Simply put, Trimac satisfied its duty to "provide" meal breaks to

28

5

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

Roberts under Cal. Labor Code § 512 and Wage Order No. 9-2001. *Reece*, 2013 WL 2454452, at *5-*6.

Roberts' claim that the pressures of his job prevented him from taking meal breaks does not save his claim from summary judgment. Roberts admits his driver trainer, Bob Penicks, never told Roberts that he could not take a meal break or that Trimac did not want Roberts to take a meal break. *Id*. at 89:11-22. Importantly, Roberts admits *no one* at Trimac ever told Roberts he was not allowed to take a meal break, *id.* at 68:22-24, 89:3-13, 89:17-22, 94:18-24; *Roberts Amador Dep.* at 56:7-9, and that *no one* at Trimac ever said anything to Roberts to give him the impression that Trimac's actual policy differed from its written policy. *Roberts Dep.* at 89:3-22, 94:21-24; *Roberts Amador Dep.* at 58:20-59:13. Despite Roberts claim that he did not take meal breaks due to the time pressures of the job, Roberts admitted he had time to take both meal breaks, *Roberts Dep.* at 91:4-92:4, and he admitted he ate a meal every day he worked. *Roberts Amador Dep.* at 52:7-9. Roberts notably never complained to anyone at Trimac that he was not able to take a 30-minute, duty free meal break. *Roberts Amador Dep.* at 67:25-68:17, 101:9-18. In sum, Roberts cannot designate any evidence that Trimac prevented or otherwise discouraged him from taking his meal breaks. *Reece*, 2013 WL 2454452, at *5-*6.

In *Reece*, this Court granted the defendant employer's motion for summary judgment in virtually identical circumstances. In that case, the plaintiff worked as a material damage appraiser for an insurance company. 2013 WL 245452, at *1. The plaintiff's job duties were to appraise and write repair estimates for damage to insured's and claimant's vehicles. *Id.* As an outside appraiser, the plaintiff worked in the field and from his home and did not report to an office. *Id*. As a remote and non-overtime exempt employee, the plaintiff was required to accurately record what hours he worked on an electronic time sheet, including overtime hours. *Id.* Upon his hiring, in a statement he signed and dated March 7, 2007, the plaintiff acknowledged reading, understanding, and agreeing to abide by the defendant's Employee Handbook, which included, *inter alia*, the company's meal break policy. *Id.* The defendant's policy required non-exempt employees like the plaintiff to take the

6

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

1    required unpaid meal breaks during the workday.  *Id.*  The plaintiff sued for failure to provide meal

2    breaks, and the defendant filed a motion for summary judgment.  *Id.* at *3.

3            The plaintiff argued he was unable to take meal breaks due to his demanding schedule

4    reviewing claims in person and completing paperwork.  *Id.* at *6.  He further argued the defendant

5    "structured [his] workday so that it was . . . impossible for [him] to take meal breaks" and that the

6    "sheer volume of plaintiff's work and the expectations placed upon him made taking breaks

7    physically impossible."  *Id.*  Importantly, however, the plaintiff provided no evidence to support

8    these conclusory allegations, and admitted he took meal breaks on a regular basis.  *Id.*  When asked

9    if he ever saw or heard anything during his employment that led him to believe he was not allowed

10   to take a meal period, the plaintiff responded, "No, no."  *Id.*  The plaintiff also admitted that he never

11   complained about missing meal breaks.  *Id.*  Noting that it would still not rise to the level of a

12   violation of the labor laws even if the defendant's agents were aware the plaintiff was not taking

13   meal breaks, the court granted summary judgment in the defendant's favor on the meal break claim.

14   *Id.*

15           As the *Reece* decision instructs, Roberts cannot avoid summary judgment by unsupported

16   and conclusory allegations that Trimac prevented or otherwise discouraged him from taking meal

17   breaks.  Because the designated evidence demonstrates Trimac made meal breaks available to

18   Roberts throughout his entire employment, Trimac is entitled to summary judgment on Roberts'

19   First Cause of Action.  *Reece*, 2013 WL 2454452, at *5-*6; *see also Plaisted v. Dress Barn, Inc.*,

20   2013 WL 300913, at *2-4 (C.D. Cal. Jan. 25, 2013).

21           **C.    Roberts' Derivative UCL Claim Necessarily Fails**

22           As indicated above, a portion of Roberts' UCL claim is derivative of Roberts' meal break

23   claim.  Therefore, to the extent the Court grants Trimac's summary judgment in Trimac's favor on

24   Roberts' First Cause of Action, Trimac is also entitled to partial summary judgment on the portion of

25   Roberts' Fourth Cause of Action that is derivative of Roberts' meal break claim.

26

27

28

7

Case No. 5:12-cv-05302-HRL
Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
of Points and Authorities in Support of Motion for Partial Summary Judgment

1

## V.      <u>CONCLUSION</u>

2           For all the foregoing reasons, Trimac respectfully requests the Court issue an order entering

3  judgment in its favor on the First Cause of Action of Roberts' Complaint and on the Fourth Cause of

4  Action to the extent it alleges a UCL claim derivative of the First Cause of Action.

5

6  Dated:  July 23, 2013                                              Respectfully submitted,

7

8                                                                         <u>**/s/Christopher J. Eckhart**</u>
                                                                           Christopher J. Eckhart
9                                                                         Christopher C. McNatt, Jr.

10                                                                       Attorneys for Defendant,
                                                                           Trimac Transportation Services
11                                                                       (Western) Inc.

12

13                            <u>**CERTIFICATE OF SERVICE**</u>

14          I hereby certify that a copy of the foregoing was filed electronically on July 23, 2013.  Notice

15  of this electronic filing will be sent to the following parties of record by the operation of the Court's

16  electronic filing system.

17

18          Michael L. Tracy
             Megan E. Ross
19          Law Offices of Michael Tracy
             2030 Main Street, Suite 1300
20          Irvine, CA  92614

21

22                                                                       <u>**/s/Christopher J. Eckhart**</u>
                                                                           Christopher J. Eckhart
23

24

25  4850-4280-9876, v.  6

26

27

28
                                                                 8
                                                    Case No. 5:12-cv-05302-HRL
                                  Defendant Trimac Transportation Services (Western) Inc.'s Memorandum
                                     of Points and Authorities in Support of Motion for Partial Summary Judgment