1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   DOUGLAS ROBERTS,                    Case No.  5:12-cv-05302 HRL

              Plaintiff,
13                                        **ORDER DENYING REQUEST FOR**
       v.                                 **VACATUR**
14
                                          [Re:  Dkt. No. 88]
15   TRIMAC TRANSPORTATION SERVICES
     (WESTERN), INC., a Delaware Corporation,
16
              Defendant.

17        Douglas Roberts sued Trimac Transportation Services (Western), Inc. (Trimac), alleging

18   wage and hour violations under federal and state law.  In the course of the litigation, the parties

19   filed several summary judgment motions.  Two of the undersigned's orders on those motions

20   resolved issues under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., in plaintiff's

21   favor.  This court ruled that the FLSA does not preempt a claim under California's Business and

22   Professions Code § 17200 and that plaintiff was not exempt from the FLSA's overtime provisions.

23        The parties subsequently stipulated to the entry of judgment, preserving defendant's right

24   to appeal.  (Dkt. 80, Agreed Judgment).  Trimac appealed.  Through the Ninth Circuit's Mediation

25   Program, the parties reached a settlement conditioned upon this court's vacatur of its orders and

26   the parties' Agreed Judgment.  The parties now jointly request vacatur.  Having considered their

27   papers, and for the reasons stated below, the court denies the request.

28        "On motion and just terms, the court may relieve a party or its legal representative from a

United States District Court
Northern District of California

final judgment, order, or proceeding," for several reasons, including that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5) & (6).  In determining whether to vacate a judgment, district courts must consider "the consequences and attendant hardships of dismissal or refusal to dismiss" and "the competing values of finality of judgment and right to relitigation of unreviewed disputes."  Ringsby Truck Lines, Inc. v. Western Conference of Teamsters, 686 F.2d 720, 722 (9th Cir 1982).[1]  District courts are not obliged to vacate prior orders or a judgment pursuant to a settlement.  Otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books."  Id. at 721; see also American Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1170 (9th Cir. 1998) ("[T]he loser in litigation normally should not be allowed to 'buy an eraser for the public record.'" (quoting Mancinelli v. Int'l Bus. Machines, 95 F.3d 799, 800 (9th Cir. 1996) (Kleinfeld, J., dissenting)).

With respect to the consequences and attendant hardships of dismissal or refusing to dismiss, each party will benefit from vacatur.  Roberts says that he will receive more money pursuant to the settlement than under the previous Agreed Judgment.  For its part, Trimac says that it will be spared the uncertainty of continued litigation.  And, vacatur will save both sides further costs of appeal.

This court is unpersuaded, however, that vacatur will ultimately serve interests in conserving judicial and public resources or the public interest in the finality of judgment.  True, settlement will conserve Ninth Circuit resources that would be expended in deciding this appeal.  But, while the issues presented were not overly complex, considerable effort went into the preparation of the orders in question.  Although those decisions are not binding precedent, they

---

[1] Although neither party cited to Ringsby, that case apparently governs the circumstances presented here.  Where an appeal is mooted, not by happenstance, but by the appellant's own conduct, the Ninth Circuit's usual practice is not to automatically vacate a district court's decision, but to remand so the district court can decide whether to vacate its judgment.  Dilley v. Gunn, 64 F.3d 1365, 1370-71 (9th Cir. 1995) (citing Ringsby, 686 F.2d at 722).

United States District Court
Northern District of California

may nevertheless provide persuasive guidance to other courts or to other parties in similar

circumstances.  Denying vacatur might encourage other similarly situated employees to come

forward with claims, and Trimac may have a legitimate interest in foreclosing that possibility.

Vacating those decisions, however, may mean that other courts will be required to decide the

issues over again; and, the public has an interest in knowing whether or not this court got it right.

The undersigned recognizes that there is a strong interest in encouraging settlement.  But, under

the circumstances presented here, this court finds that of greater concern is the interest in

preventing possibly needless litigation and the waste of judicial and public resources.

   The parties' request for vacatur therefore is denied.

   **SO ORDERED**.

Dated:   June 30, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5:12-cv-05302-HRL Notice has been electronically mailed to:

Christopher Chad McNatt , Jr     cmcnatt@scopelitis.com, mlazo@scopelitis.com

Christopher James Eckhart     ceckhart@scopelitis.com, nberry@scopelitis.com

Megan E. Ross     mross@michaeltracylaw.com

Michael Lion Tracy     mtracy@michaeltracylaw.com, calendar@michaeltracylaw.com